UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRICKET WIRELESS LLC, AT&T MOBILITY LLC, and AT&T Intellectual Property II, L.P.<br><br>　　　　Plaintiffs,<br>v.<br><br>MAZ WIRELESS, LLC, MOHAMED NAUFERDEEN, DEEN NAUFERDEEN, AND JOHN DOES 1-20<br><br>　　　　Defendants. | Civil Action No. 18-CV-13375-SRC-CLW<br><br>ORDER GRANTING DEFAULT JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANTS |

**THIS MATTER** having been brought before the Court by Notice of Motion of Plaintiffs Cricket Wireless LLC ("Cricket" or "Cricket Wireless"), AT&T Mobility LLC ("AT&T PREPAID") and AT&T Intellectual Property II, L.P. (collectively "AT&T" or "Plaintiffs"), on notice to Defendants MAZ Wireless, LLC ("MAZ Wireless"), Mohamed Nauferdeen, and Deen Nauferdeen (collectively "Defendants"), for entry of an Order granting entry of default judgment in favor of AT&T and against Defendants on all causes of action set forth in the Complaint; the issuance of a Permanent Injunction; and there being no opposition to the Motion and for good cause shown;

IT IS, on this 5th day of March, 2019, ORDERED that:

1.　　The Motion is granted in its entirety.

2.　　AT&T shall have, and the Court hereby directs entry of, a final judgment by default in the form attached hereto as <u>Exhibit A</u> awarding damages in favor of AT&T and against Defendants in the amount of $75,000.00.

3. AT&T shall have, and the Court hereby directs entry of, the issuance of a Permanent Injunction enjoining Defendants, MAZ Wireless, LLC, Mohamed Nauferdeen, and Deen Nauferdeen, and each and all of its respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, principals, agents, employees, attorneys, accountants, investigators, consultants, and all other persons or entities acting or purporting to act for them or on their behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, accountants, attorneys, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant, from:

    a. purchasing and/or selling any wireless mobile handset that they know, or should know, bears, or at one time bore, any AT&T, Cricket, or GoPhone trademark, any other trademark owned or used by AT&T, or any other model of wireless mobile phone sold or marketed by AT&T ("AT&T Handsets"). Defendants are enjoined from purchasing and/or selling all models of wireless phones currently offered for sale by AT&T, or that may be offered for sale in the future, as listed and updated from time to time on AT&T's, Cricket's, or GoPhone's websites, respectively.

    b. rekitting, reflashing and/or unlocking of any AT&T Handset;

    c. accessing, altering, erasing, tampering with, deleting or otherwise disabling AT&T's proprietary prepaid cellular software contained within any model of AT&T Handsets;

d. facilitating or in any way assisting other persons or entities who Defendants knew or should have known are engaged in rekitting, reflashing and/or unlocking AT&T Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in AT&T Handsets;

e. facilitating or in any way assisting other persons or entities who Defendants knew or should have known are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of unlocked AT&T Handsets;

f. knowingly using the AT&T, Cricket, or GoPhone trademarks or any other trademark owned or used by AT&T, or that is likely to cause confusion with the AT&T, Cricket, or GoPhone Trademarks, without AT&T's prior written authorization.

4. There is no just reason for delay of enforcement of the judgment awarded herein and accordingly the judgment granted herein shall be a final judgment.

Dated: March 5, 2019

  s/ Stanley R. Chesler
  Hon. Stanley R. Chesler
  United States District Judge

EXHIBIT A (Form of Default Judgment) [see next page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRICKET WIRELESS LLC, AT&T MOBILITY LLC, and AT&T Intellectual Property II, L.P.<br><br>        Plaintiffs,<br>v.<br><br>MAZ WIRELESS, LLC, MOHAMED NAUFERDEEN, DEEN NAUFERDEEN, AND JOHN DOES 1-20<br><br>        Defendants. | Civil Action No. 18-CV-13375-SRC-CLW<br><br>FINAL JUDGMENT AGAINST DEFENDANTS MAZ WIRELESS, MOHAMED NAUFERDEEN, AND DEEN NAUFERDEEN BY DEFAULT |

It appearing from the record that the Plaintiffs, Cricket Wireless LLC ("Cricket" or "Cricket Wireless"), AT&T Mobility LLC ("AT&T PREPAID") and AT&T Intellectual Property II, L.P. (collectively "AT&T" or "Plaintiffs") commenced this action by filing a complaint on August 29, 2018; and it appearing that Defendants MAZ Wireless, LLC ("MAZ Wireless"), Mohamed Nauferdeen, and Deen Nauferdeen (collectively "Defendants") were duly served; and it appearing that the Court entered the default of Defendants for failing to otherwise defend in this action and directed entry of Judgment in favor of Plaintiffs and against Defendants in the amount of $75,000.00, and issued a Permanent Injunction in favor of AT&T.

WHEREFORE, it is ORDERED, ADJUDGED, and DECREED that:

1.      Plaintiffs Cricket Wireless LLC, AT&T Mobility LLC, and AT&T Intellectual Property II, L.P. shall have and recover from Defendants MAZ Wireless, LLC, Mohamed Nauferdeen, and Deen Nauferdeen the sum of $75,000.00, with interest in accordance with 28 U.S.C. § 1961 from the date of this Judgment until paid, and that the foregoing Plaintiffs shall have execution therefor.

2.	AT&T shall have, and the Court hereby directs entry of, the issuance of a Permanent Injunction enjoining Defendants, MAZ Wireless, LLC, Mohamed Nauferdeen, and Deen Nauferdeen, and each and all of its respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, principals, agents, employees, attorneys, accountants, investigators, consultants, and all other persons or entities acting or purporting to act for them or on their behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, accountants, attorneys, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant, from:

   a.	purchasing and/or selling any wireless mobile handset that they know, or should know, bears, or at one time bore, any AT&T, Cricket, or GoPhone trademark, any other trademark owned or used by AT&T, or any other model of wireless mobile phone sold or marketed by AT&T ("AT&T Handsets"). Defendants are enjoined from purchasing and/or selling all models of wireless phones currently offered for sale by AT&T, or that may be offered for sale in the future, as listed and updated from time to time on AT&T's, Cricket's, or GoPhone's websites, respectively.

   b.	rekitting, reflashing and/or unlocking of any AT&T Handset;

   c.	accessing, altering, erasing, tampering with, deleting or otherwise disabling AT&T's proprietary prepaid cellular software contained within any model of AT&T Handsets;

    d.       facilitating or in any way assisting other persons or entities who Defendants knew or should have known are engaged in rekitting, reflashing and/or unlocking AT&T Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in AT&T Handsets;

    e.       facilitating or in any way assisting other persons or entities who Defendants knew or should have known are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of unlocked AT&T Handsets;

    f.       knowingly using the AT&T, Cricket, or GoPhone trademarks or any other trademark owned or used by AT&T, or that is likely to cause confusion with the AT&T, Cricket, or GoPhone Trademarks, without AT&T's prior written authorization.

Judgment rendered _____, 2019

                                                                      _____
                                                                      Clerk of the District Court